**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MOTHER SMITH, on behalf of herself and as Parent and Natural Guardian, on behalf of ABRAHAM SMITH, a Minor,<br><br>        Plaintiffs,<br><br>        v.<br><br>MILTON HERSHEY SCHOOL,<br><br>        Defendant. | Case No: _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### INTRODUCTION AND BACKGROUND STATEMENT

1.      Thirteen-year-old Plaintiff, Abraham Smith, and his parent/natural guardian, Mother Smith, ("Plaintiffs"), bring this lawsuit against Defendant Milton Hershey School ("Defendant"), seeking all available relief under Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq.*, and applicable state law.[1] The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

2.      As explained more fully below, this action stems from Defendant's unwarranted and discriminatory refusal to consider Abraham for enrollment because he is infected with the human immunodeficiency virus ("HIV"). In refusing to consider Abraham for enrollment based on his HIV status, Defendant violated multiple anti-discrimination laws that protect the rights of people with HIV to remain free from unwarranted discrimination.

---

[1] Plaintiffs filed a charge with the Pennsylvania Human Relations Commission on October 20, 2011, asserting violations under the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA"). Plaintiffs will amend the Complaint to include the PHRA causes of action upon proper exhaustion of administrative remedies.

**JURISDICTION AND VENUE**

3.      This Court has federal question jurisdiction over the subject matter of Plaintiff Abraham Smith's claims under the Americans with Disabilities Act ("ADA") pursuant to 28 U.S.C. § 1331.

4.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

5.      This action is authorized by 42 U.S.C. § 12188.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant solicits and enrolls students in this judicial district.

**PARTIES**

7.      Plaintiff Mother Smith[2] is an individual currently residing in Delaware County in Southeastern Pennsylvania.

8.      Plaintiff Abraham Smith is a minor child, currently residing with his mother, Mother Smith, in Delaware County in Southeastern Pennsylvania.

---

[2] Pseudonyms have been used in place of Plaintiffs' full names due to privacy concerns. Local Rule 5.1.3 permits modification of Abraham Smith's full name as a minor child. Mother Smith may proceed using a pseudonym because she has a reasonable fear of severe harm in revealing her identity out of fear that it would identify her son and his HIV status. *See Doe v. Megless*, 654 F.3d 404, 408-9 (3d. Cir. 2011) (endorsing a non-comprehensive balancing test, which balances, "…whether a litigant has a reasonable fear of severe harm that outweighs the public's interest in open litigation," and including AIDS as an example of an area where courts have permitted plaintiffs to proceed with pseudonyms). Plaintiff intends to file a Motion for Leave to Proceed Under Pseudonym for Mother Smith in connection with the filing of this Complaint.

9.    Defendant Milton Hershey School (MHS) is a cost-free, private, coeducational home and school for pre-Kindergarten through 12th Grade students from families of low income, limited resources, and social need, operating in this state.

10.    Defendant provides residential facilities to enrolled students. Students live in homes with 10 to 14 students in their own age group. A pair of married houseparents oversee each home.

11.    Students enrolled at the Milton Hershey School reside at the Milton Hershey School for the school year, and expect to reside there throughout the course of their enrollment.

12.    According to its website, Defendant provides a "strong, comprehensive educational program," that "emphasizes applied and hands-on learning within a supportive, secure, and healthy home life surrounding. The MHS curriculum prepares students for success after graduation." *See* Milton Hershey School, *Pathway to Student Success*, at http://www.mhs-pa.org/academics/pathway-to-student-success (last accessed Nov. 26, 2011).

13.    According to its annual report, 88 percent of the Milton Hershey School class of 2010 began their freshman year of postsecondary education, exceeding the national average. Students who attend the Milton Hershey School are also eligible for Continuing Education Scholarships, which provide financial assistance for post-graduate education.

14.    According to its website, Defendant provides medical, dental, psychological, behavioral, and social work services for students while on campus. Defendant's medical staff of pediatricians, registered nurses, certified nursing assistants, a pre-enrollment coordinator, staff assistants, a medical claims analyst, and a health systems manager provides medical care for students, including health screenings, physicals/sports assessments, immunizations, health education, and administration of medications. Defendant's medical program offers services 24

hours a day.  Milton Hershey School, *Student Health Services,* http://www.mhs-pa.org/campus-life/health-and-well-being/student-health-services  (last accessed Nov. 26, 2011).

15.    At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted within the scope of his or her job duties.

## FACTS

16.    Abraham is 13 years old and is currently in eighth grade at a public middle school in Delaware County in Southeastern  Pennsylvania..

17.    Abraham is an honor roll student and an avid athlete.

18.    Abraham  is HIV positive.  To control his HIV, Abraham takes five pills per day, and one vitamin.  His medications do not impact his school schedule.  He sees his doctor at the Children's Hospital of Philadelphia ("CHOP") approximately three times per year.

19.    In or around February 2011, Abraham and his mother decided to seek admission for Abraham for fall enrollment at the Milton Hershey School.

20.    Prior to submitting his application for enrollment,  Mother asked Abraham's case manager at CHOP, Layla De Luria, to contact the Defendant to ensure that Abraham's HIV status would not be a barrier to his enrollment at the school.

21.    In March 2011, Ms. De Luria contacted Defendant about Abraham's HIV status. Ms. De Luria spoke with Defendant's representative, who stated that Defendant "did not take kids like that."

22.    Ms. De Luria then contacted Heather Burkabyle, an employee in Defendant's medical office and Defendant's Director of Admissions, Danny Warner.  Both Ms. Burkabyle and Mr. Warner told Ms. De Luria the representative was incorrect and did not have the authority to make such statements.

23.    Ms. Burkabyle instructed Ms. De Luria to send Abraham's medical records to her and said the information would not be provided to the Admissions Department.  Ms. De Luria faxed Abraham's medical records to the Defendant on March 3, 2011.

24.    In or around April, 2011, Mother completed an application for Abraham's enrollment at the Milton Hershey School.

25.    Mother also directed Abraham's academic records to be sent to Defendant.

26.    Based on information and belief, Defendant's admissions criteria include the following: students must "1) come from a family of low income, limited resources, and social need; 2) be from the ages of 4-15 years old; 3) have the ability to learn; 4) be free of serious emotional and behavioral problems that disrupt life in the classroom or the home; 5) be able to take part in the School's program; and 6) be born in the United States."  Milton Hershey School, *Admissions Criteria* ,http://www.mhs-pa.org/admissions/criteria (last accessed Nov. 26, 2011).

27.    Abraham meets all of Defendant's eligibility criteria.

28.    On June 30, 2011 Defendant sent Mother a letter stating that Abraham's "application will not be considered for possible enrollment," because "it has been determined that [Abraham's] documented needs are beyond the scope of the Milton Hershey School programs.  Specifically, we are unable to meet his needs in our residential setting."

29.    Abraham's only so-called "documented need" is HIV.

30.    HIV is not transmitted by day-to-day contact in schools or social settings.  HIV is not transmitted by shaking hands, hugging, or a casual kiss.  HIV is not transmitted by or through contact with any commonly-used items such as toilet seats, drinking fountains, door knobs, dishes, or drinking glasses.  Further, the United States Centers for Disease Control and Prevention has  no documented cases of transmission through participation in sports.  *See* United

States Centers for Disease Control and Prevention ("CDC"), *HIV Transmission*, http://www.cdc.gov/hiv/resources/qa/transmission.htm (last accessed Nov. 26, 2011).

31.    According to the National Association of State Boards of Education, "the presence of a person living with HIV infection or diagnosed with AIDS poses no significant risk to others in school, day care, or school athletic settings." *See* National Association of State Boards of Education, *Someone at School has AIDS.: A Complete Guide to Education Policies Concerning HIV Infection* (2001 Ed.) (developed under a cooperative agreement with the Division of Adolescent and School Health of the CDC), available at http://www.eric.ed.gov/ERICWebPortal/contentdelivery/servlet/ERICServlet?accno=ED465735 (last accessed Nov. 26, 2011).

32.    According to the National Association of State Boards of Education, to date, there has be no known case of HIV transmission in a school, day care center, or school athletic setting. The evidence is overwhelming that the risk of HIV infection is remote. *Id.*

33.    According to the National Association of State Boards of Education, there is no medical reason to disallow a student from participating in recess, physical education, or a school athletic program if he or she wishes and is able to do so. *Id.*

34.    The United States District Court for the Southern District of New York recently held that, in light of "widespread, established medical opinion," a camp could have no objectively reasonable belief that an HIV positive child would pose any risk of transmission to other campers. *See Doe v. Deer Mountain Day Camp, Inc.*, 682 F. Supp. 2d 324, 350 (S.D.N.Y. 2010).

35.    Defendant had no medical, scientific or rational basis to deny Abraham admission to the Milton Hershey School. Defendant knew or should have known that Abraham's HIV-

positive status did not pose a risk to the health or safety of Abraham or others at the Milton Hershey School. Defendant knew or should have known that Abraham did not have any documented needs that would impair his ability to participate fully at the Milton Hershey School.

36. Further, Defendant failed to make any individualized assessment as to whether Abraham's HIV status posed a direct threat to the health and safety of others before refusing to consider Abraham for admission to the Milton Hershey School.

37. On August 5, 2011, the AIDS Law Project of Pennsylvania contacted Defendant on behalf of Mother and Abraham, to request that Abraham be properly and promptly considered for admission to the Milton Hershey School. The AIDS Law Project of Pennsylvania provided Defendant with information from the Centers for Disease Control and Prevention regarding HIV transmission.

38. Despite receipt of the Centers for Disease Control and Prevention information that HIV is not transmitted through casual contact, and that there was no medical reason to exclude Abraham from the school on the basis of his HIV status, Defendant intentionally and recklessly continued to refuse to consider Abraham for enrollment.

39. Defendant denied Abraham admission to its programs and services based on his HIV status.

40. Defendant denied Abraham the benefits of its residential program based on his HIV status.

41. Abraham was emotionally devastated by Defendant's rejection of him from the Milton Hershey School. Defendant's rejection directly and proximately caused Abraham great embarrassment, shame, humiliation, profound sadness and anger. Defendant's rejection directly and proximately caused Abraham to fear future stigma and discrimination due to his HIV status.

42. Defendant's rejection of Abraham directly and proximately caused Mother severe emotional distress. Mother proactively took steps to ensure that her son would be spared the pain of rejection based on irrational and discriminatory conduct of Defendant, by requesting that Ms. De Luria contact the school before Abraham applied. Defendant led Mother to believe it would not discriminate, and then proceeded to take unlawful discriminatory actions against her son. Defendant's willfully ignorant and illegal treatment of her son caused Mother profound suffering and emotional distress.

## FIRST CLAIM FOR RELIEF
### (By MOTHER on behalf of ABRAHAM)
### VIOLATION OF THE ADA

43. All previous paragraphs are incorporated as though fully set forth herein.

44. Title III of the Americans with Disabilities Act (ADA) prohibits discrimination against individuals on the basis of disability in the full and equal enjoyment of the services of any place of public accommodation. 42 U.S.C. § 12182, *et seq.*; 28 C.F.R. § 36.102, *et seq.*

45. At all relevant times, Abraham has had a physical impairment (HIV) that substantially limits the operation of his major bodily functions, such as his immune system, reproductive system, and normal cell growth, as well as substantially limiting other major life activities, such that he is an individual with a disability within the meaning of the ADA.

46. In addition, Defendant regarded Abraham as an individual with a disability within the meaning of the ADA.

47. Milton Hershey School is a place of public accommodation, within the meaning of the ADA because it is an "elementary, secondary... private school or other place of education." 42 U.S.C. § 12181(7)(J).

8

48.     Defendant denied Abraham the full and equal enjoyment of the services, facilities and/or advantages of the Milton Hershey School on the basis of his disability by refusing to consider his application for enrollment because of his HIV status, in violation of 42 U.S.C. § 12182(a) and 28 C.F.R. § 36.201(a).

49.     Through its actions, Defendant also:

(a)     Denied Abraham the opportunity to "participate in or benefit from the goods, services, facilities privileges, advantages or accommodations" of the Milton Hershey School, in violation of 42 U.S..C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202(a);

(b)     Utilized "standards or criteria or methods of administration that have the effect of discriminating on the basis of disability," in violation of 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.204;

(c)     Imposed or applied eligibility criteria that "screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying its goods, services, facilities, privileges, advantages or accommodations," in violation of 42 U.S.C. § 12182(b)(2)(A)(i) ; and

(d)     Afforded Abraham with an unequal benefit in regard to their offering provision of goods, services, facilities, privileges or accommodations on the basis of his disability, in violation of 42 U.S.C. § 12182(b)(1)(A)(ii) and 28 C.F.R. § 36.202(b).

50.     Defendant's discrimination directly and proximately caused Abraham to sustain severe and lasting emotional and psychological harm.

9

51.    Plaintiff seeks immediate injunctive relief pursuant to 42 U.S.C.A. § 12188(a)(2).

## SECOND CLAIM FOR RELIEF
### (By MOTHER on behalf of herself and ABRAHAM)

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.    All previous paragraphs are incorporated as though fully set forth herein.

53.    Defendant's refusal to consider Abraham's application on the basis of his HIV status, despite the fact that Defendant knew or should have known that HIV is not transmitted through casual conduct was extreme and outrageous conduct.

54.    Defendant's conduct intentionally and/or recklessly caused Abraham and Mother severe emotional distress, because the natural and probable consequences of Defendant's refusal to consider Abraham's application was Plaintiffs' emotional distress.

55.    Further, Mother sought to avoid this emotional trauma by contacting Defendant prior to applying to the Milton Hershey School to ensure that Defendant did accept students with HIV.

56.    Defendant's rejection caused Abraham to feel profoundly humiliated and embarrassed.

57.    Defendant's rejection of Abraham caused Mother mental anguish, grief, worry and other emotional disturbances beyond what a reasonable person could be expected to endure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

(a)    Defendant, its agents, and employees, be enjoined from unlawfully discriminating against Abraham based on his disability;

(b)    Defendant, its agents, and employees promptly admit Abraham to the Milton Hershey School;

(c)    Defendant, its agents, and employees, develop and implement a written

10

anti-discrimination policy, insuring that no one will be refused admission or otherwise discriminated against because of his or her HIV status in the future;

(d) Defendant, its agents, and employees conduct mandatory school-wide sensitivity training for all staff regarding HIV disease, transmission and universal precautions;

(e) Compensatory and actual damages to both Abraham and Mother in an amount to be determined at trial;

(f) Punitive damages in an amount to be determined at trial.

(g) Costs and reasonable attorneys' fees; and

(h) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs request a trial by jury on all matters as to which they are entitled by law.

Dated: November 30, 2011                    Respectfully submitted,

AIDS LAW PROJECT OF PENNSYLVANIA

Ronda B. Goldfein (PA 61452)
1211 Chestnut Street, Suite 600
Philadelphia, PA 19107
(215) 587-9377 (tel.)
(215) 587-9902 (fax)

*Attorney for Plaintiffs*

11